## John M. Grieb v. Walter M. Caraker.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—When the issues in a case are contested and the evidence is conflicting, it is essential that the jury be accurately instructed upon the law.

2. SAME—*On the Trial of the Rights of Property.*—On the trial of the rights of property involving transfers between father and son, alleged to be fraudulent as to third persons, an instruction which ignores the good faith of such transfer is erroneous.

3. SAME—*Errors in One Not Corrected by Others.*—An error in one instruction is not cured by another in the same series which correctly states the law, when the latter is a mere abstract proposition of law, and not calculated to impress the mind with such force as an instruction which is specially prominent and contains an attempted recitation of material facts in the case and tells the jury that they must find for the claimant if such facts are sufficiently proved.

**Memorandum.**—Trial of the rights of property. Appeal from the Circuit Court of Union County. Heard in that court on appeal from a justice of the peace; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Trial by jury; verdict for claimant; appeal by defendant. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

KARRAKER & LINGLE, attorneys for appellant.

DODD & PICKRELL, attorneys for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

George W. Caraker, who had been living on a rented farm in the Mississippi bottoms for several years, was, in the summer of 1893, the owner of certain personal property, upon which there was an unrecorded chattel mortgage, to

secure an indebtedness of $325 to his uncle, Jacob Caraker. About September 1st, Walter M. Caraker, the appellee, who was the son of George W. Caraker, and was under twenty-one years of age, assumed this indebtedness, and gave his note therefor, with personal security, which was demanded by Jacob Caraker because of the fact that appellee was a minor. The consideration for this transaction was the alleged sale by George W. Caraker to appellee of certain growing crops and items of personal property, which were probably worth from $500 to $600. At the time of such alleged sale, George W. Caraker was indebted to a number of individuals, among them appellant, to whom he was owing $99.30.

At two or three o''clock on the morning of October 9, 1893, George W. Caraker, with the knowledge of a few intimate friends, but greatly to the surprise of his neighbors and creditors generally, departed to the State of Missouri, where he has since resided. He took with him a team, a wagon and certain goods, and also two or three hundred dollars in money, none of which had been included in the property transferred to his son. After George W. Caraker's departure, appellant brought suit before a justice of the peace for the amount due him from that gentleman and attached part of the property which had been sold by the father to the son. Appellee claimed the property and gave notice of a trial of the right of property. The result of the trial of this proceeding on appeal to the Circuit Court, was a verdict in favor of the claimant, and a judgment releasing the property attached from the levy of the writ.

There were many facts and circumstances proved on the trial, which tended to show that the sale in question was not in good faith, but that, on the contrary, it was made by the father in fraud of creditors, with the knowledge and participation of the son in the fraud. In such case it would not be contended that the son could hold the property as against the father's creditors. It seems wholly unnecessary to cite authorities in support of a proposition so well established. Let it be understood that we do not hold either that the

evidence was, or that it was not sufficient to show such fraud
as would enable the father's creditors to avoid the sale, but
that we do say that there was evidence sufficient to support
a verdict to that effect if the jury had so found, and that
therefore the jury should have been accurately instructed
upon this important point.

The court, however, at the request of appellee, gave the
following instruction to the jury : " If you believe from the
weight of the evidence that George W. Caraker was the
owner of the property attached, and claimed by Walter M.
Caraker in this suit, and that George W. Caraker was
justly indebted to Jacob Caraker in the sum of $325, and
that George W. Caraker sold the property in controversy
to said Walter M. Caraker and delivered the same to him,
and that in payment for said property the said Walter M.
Caraker assumed the debt of the said George W. Caraker
to the said Jacob Caraker, and executed his note to the
said Jacob Caraker for the amount with personal se-
curity thereon, then, if you further believe from the evi-
dence that the purchase, delivery and payment occurred
before the attachment writ was issued in this case, you
should find for the claimant."

This instruction ignores altogether the question of good
faith in the sale from the father to the son. The facts, hy-
pothetically stated in the instruction, were not seriously in
dispute, and so the instruction, ignoring important and con-
troverted questions in the case, practically told the jury to
find for the claimant. Under this instruction there was
nothing to hinder the jury from considering the sale as bind-
ing upon creditors, even though they may have found that
the property sold was worth nearly twice as much as the
indebtedness and that the transaction was conceived and
executed by both parties for the express purpose of hinder-
ing, delaying and defrauding creditors. It is evident that
this instruction should not have been given.

Nor was this error cured by the giving of other instruc-
tions which correctly stated the law. It is true that, gen-
erally speaking, if the instructions, as a series, correctly
declare the law, an error in a single instruction may

thus be obviated or neutralized. Such is the infirmity of the human judgment, such is the pressure upon the judge during a jury trial, that more or less of error will be found in every record if the same be subjected to a critical analysis. To reverse a judgment for every such error would prolong litigation indefinitely and convert every case into a veritable Jarndyce against Jarndyce. Hence, the question should be, has a fair trial of the case been prevented by the alleged error? If not, then let the judgment remain undisturbed. If a man of ordinary intelligence, taking the instructions as a series, would obtain a correct understanding of the law as applied to the case on trial, then let not an error here or yonder be considered as necessitating the reversal of the judgment.

On the other hand, there are cases where a reversal must follow because of a single erroneous instruction, as, in this case, where the evidence is sharply conflicting, where the faulty instruction is the first of the series and especially prominent, and where the instructions relied upon as curing the error are mere abstract propositions of law, and not calculated to impress the mind with such force as does an instruction which contains an attempted recitation of the material facts in the case, and tells the jury that they must find for the claimant if such facts are sufficiently proved. We deem it unnecessary to consider the criticisms offered on the other instructions, inasmuch as such objections as are well taken can be readily obviated on another trial.

We see no error in the rulings of the court in the admission or exclusion of evidence.

For the error indicated, the judgment is reversed and the cause is remanded.