### John M. Grieb v. Walter M. Caraker.

1.  FRAUDULENT CONVEYANCES—*Consideration — Other   Objects   in
View.*—Where a conveyance is made to hinder and delay creditors, it is
void as to them, whether made with or without a consideration, and
even though the debtor may have had some object in view besides the
unlawful one in making the conveyance.

2.  SAME—*Conveyances From Father to Son.*—Where a conveyance
of property by a father to his son is made by one, and accepted by the
other with the deliberate intention of hindering and delaying the fath-
er's creditors, the son can not hold the property as against the father's
creditors, even though he may have obligated himself to pay one of his
father's debts.

**Trial,** of the rights of property.  Appeal from the Circuit Court of
Marion County; the Hon. JOSEPH P. ROBARTS Judge, presiding.  Heard
in this court at the August term 1896.  Reversed and remanded.  Opin-
ion filed March 3, 1897.

KARRAKER & LINGLE, attorneys for appellant.

DODD & PICKRELL, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The controlling facts in this case are simple and are easily
stated.  George W. Caraker was indebted to appellant and
other creditors, among them his nephew, Jacob Caraker, to
whom he owed $325, which was secured by an unrecorded
chattel mortgage.

Grieb v. Caraker.

George made a pretended sale of about $600 worth of personal property to his minor son Walter, the appellee herein, on the sole consideration that Walter should pay the amount due Jacob, as aforesaid, for which Walter had given his note with personal security.   On October 7, Jacob, acting as the amanuensis of William Johnson, wrote a letter to George, advising him to go if he intended to go, but to pay Grieb (the appellant) if he did not intend to go.   This letter was delivered to George on the same day.   On October 9th, which was Monday, George gathered together the remainder of his personal effects, and, accompanied by his son Walter, who was an unmarried man and had been living with his father, set out for Missouri, at the early hour of three or four o'clock in the morning.   This sudden migration was a surprise to appellant and to others of George's creditors, who proceeded to sue out writs of attachment and to cause them to be levied on the property left behind.   On October 11th, Walter, who had returned from Missouri, asserted his right to the property, claiming that he had bought it in the month of September, for the consideration above mentioned.   However this may be, the evidence shows conclusively that the creditors were not advised of any change in the ownership of the property, either by a transfer of the possession or control of the property, or otherwise, prior to the commencement of the attachment suits.

The law is that where a conveyance is made to hinder and delay creditors, it is void as to them whether made with or without a consideration, and even though the debtor may have had some object in view besides the unlawful one in making the conveyance.    Boies v. Henney, 32 Ill. 130; Reed v. Noxon, 48 Id. 323; Weber v. Mick, 131 Id. 520; Fleming v. Hiob, 3 Bradw. 390; Cowling v. Estes, 15 Id. 255; Thorne v. Crawford, 17 Id. 395.

There can be no doubt under the evidence in this case that the conveyance by the father to the son was made by the one and accepted by the other with the deliberate intention of hindering and delaying the father's creditors. This being true, the son can not hold the property as against

the father's creditors, even though he may have obligated himself to pay one of his father's debts, amounting to a little more than half of the value of the property claimed by virtue of the fraudulent sale. If the obligation to pay a just debt validates the transaction, then every fraudulent sale can be made lawful, and ten thousand dollars worth of property can be put beyond the reach of creditors if the grantee will bind himself to pay even one of the grantor's smallest obligations.

When this case was before us on a former occasion we reversed a judgment in favor of the claimant on the ground of error in the instructions. 57 Ill. App. 678. We reverse now on the ground that the verdict is manifestly against the weight of the evidence.

The judgment is reversed and the cause is remanded.